United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC ANTHONY BENCIVENGA,

    Plaintiff,

  v.

US BANK, NATIONAL ASSOCIATION, as Trustee of GSAA HOME EQUITY TRUST, Series 2005-11, BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP, GRACE EVERITT, DOES 1-10

    Defendant.

No. C 11-04128 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

Currently before the Court is defendants' motion to dismiss plaintiff's complaint, currently scheduled for a hearing on December 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and GRANTS plaintiff leave to amend the complaint.

**BACKGROUND**

This action arises out of the foreclosure of plaintiff Marc Bencivenga's home located at 2054 Oak Ridge Drive, Santa Rosa, California. (Doc. 1). On August 22, 2011, plaintiff filed a *pro se* complaint against defendants (1) alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* ("FDCPA") and (2) to quiet title on the property.

In 2005, plaintiff procured a home loan from Residential Mortgage Capital. Request for Judicial Notice ("RJN"), Ex. A.[1] By August 2010, plaintiff was in default of the loan. RJN, Ex. B. Plaintiff

---

[1] Defendants filed, concurrent with their Motion to Dismiss, a Request for Judicial Notice of facts pertaining to the Deed of Trust, Notice of Default, Trustee Sales, and Bankruptcy Petition of this property. Plaintiff has filed no opposition to this motion and the Court finds these facts proper for

United States District Court
For the Northern District of California

filed for bankruptcy relief and obtained a discharge under Chapter 7 in March and June 2011, respectively. Pl.'s Opp., Bencivenga Decl. at ¶ 2, RJN, Ex. F. He did not disclose in his Chapter 7 filings that he would pursue these claims and avers that he did not understand at the time that he had any claims triable in this court. Bencivenga Decl. at ¶ 3.

On August 22, 2011, plaintiff filed a complaint *pro se* against defendants alleging that the foreclosure of his home was improper because (1) securitization of the loan severs the interest in a deed of trust; (2) possession of the note is required to conduct nonjudicial foreclosure; and (3) foreclosure denied plaintiff of his procedural due process rights. Plaintiff has recently retained counsel who prepared the Opposition to Defendant's Motion to Dismiss. In this Opposition, plaintiff dismissed his claim to quiet title.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey*

---

judicial notice as defendants have supplied recorded public documents to support these facts. *See Valasquez v. Mortgage Elec. Registration Sys., Inc.,* 2008 WL 4938162, at *2 (N.D. Cal. 2008) ("deed of trust and a trustee's deed upon sale are judicially noticeable because both documents are part of the public record and easily verifiable.").

*v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

Defendants moved to dismiss plaintiff's complaint on three grounds: (1) plaintiff is judicially estopped from pursuing his claim due to his failure to disclose these claims in his Chapter 7 petition; (2) plaintiff has no standing to pursue these claims because, based upon his bankruptcy, they now belong to the estate; and (3) plaintiff has failed to state a claim. Plaintiff provides only a cursory response to these arguments in his opposition. He avers that he has "discovered that an opposition is an overwhelming undertaking" and requests that he be given leave to amend now that he was legal representation. Pl.'s Opp. at 2. Accordingly, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff's request for leave to amend the complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss, and GRANTS plaintiff leave to amend. Plaintiff must file his amended complaint by **January 7, 2012.**

**IT IS SO ORDERED.**

Dated: December 7, 2011

SUSAN ILLSTON
United States District Judge

3