IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANTHONY BENCIVENGA,<br><br>        Plaintiff,<br><br>   v.<br><br>US BANK, NATIONAL ASSOCIATION, as Trustee of GSAA HOME EQUITY TRUST, Series 2005-11, BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP, GRACE EVERITT, DOES 1-10<br><br>        Defendant.<br>                                                             / | No. C 11-04128 SI<br><br>**ORDER STAYING ACTION** |

Before the Court is defendants' motion to dismiss plaintiff's First Amended Complaint ("FAC"). The motion is scheduled for a hearing on March 30, 2012. For the reasons set forth below, the Court VACATES the hearing and STAYS the action pending notification regarding whether plaintiff's bankruptcy trustee abandons plaintiff's claims.

**BACKGROUND**

On or about June 6, 2005, plaintiff Marc Anthony Bencivenga purchased a home (the "Property") at 2054 Oak Ridge Drive, Santa Rosa, California 95404 in Sonoma County. FAC ¶ 14. On June 28, 2005, plaintiff signed a Deed of Trust for $568,000 identifying Residential Mortgage Capital as the "lender" and First American Title as "trustee." Defendants' Request for Judicial Notice ("RJN")

Exhibit A.[1]  Mortgage Electronic Registration Systems, Inc. ("MERS") retained a beneficial interest under the Deed of Trust. *Id*.

On August 27, 2010, NDEx West, LLC recorded a Notice of Default and Election to Sell Under Deed of Trust on the Property. RJN, Exhibit B.  In issuing this notice, NDEx West purported to act as the agent of MERS, the beneficiary of the trust. RJN, Exhibit B at 2.  Attached to the notice is a certification that NDEx West followed California non-judicial foreclosure procedure under Cal. Civ. Code § 2923.5 by contacting or performing due diligence by attempting to contact the borrower regarding the foreclosure notice. *Id.* at 3. On September 17, 2010, an Assignment of Deed of Trust was recorded on the property, granting defendant U.S. Bank all beneficial interest set forth under the Deed of Trust. RJN, Exhibit C.  On October 1, 2010, a Substitution of Trustee was filed on the Property replacing original trustee First American Title with NDEx West. RJN, Exhibit D.  The Substitution of Trustee was executed by Xee Moua, who, according to the FAC, has admitted that she did not verify all of the information in filings she signed. FAC ¶ 20. On December 1, 2010, a Notice of Trustee's Sale was recorded on the property by NDEx West. RJN, Exhibit E.

Plaintiff thereafter filed for Chapter 7 Bankruptcy protection on March 8, 2011, which was discharged on June 16, 2011. RJN, Exhibit F. On July 15, 2011, the Property was sold at public auction to U.S. Bank. RJN, Exhibit G. Plaintiff did not list the claims asserted in this action on his bankruptcy schedule of assets.

On August 22, 2011, plaintiff filed this action *in pro per* against defendants U.S. Bank National Association as trustee for GSAA Home Equity Trust, Series 2005-11, Barrett Daffin Frappier Treder & Weiss, LLP, Grace Everitt, and Does 1-20.  After defendants filed a motion to dismiss asserting that plaintiff lacked standing due to his failure to list the claim on his bankruptcy schedule, and on plaintiff's averment that he would retain an attorney, the Court dismissed his original complaint without prejudice. On January 31, 2012, plaintiff reopened his bankruptcy petition and listed the claims he makes in the

---

[1]Defendants request that the Court take judicial notice of eight documents related to the foreclosure and bankruptcy. The Court has already taken judicial notice of the Deed of Trust, Notice of Default, Trustee Sales, and Bankruptcy Petition of this property. Order Granting Defendants' Motion to Dismiss at n.1. [docket 31].  The Court now takes judicial notice of the balance, only for purposes of the dates of filing. Fed. R. Evid. 201.

2

1 amended complaint, valuing them at $6,441. RJN, Exhibit H at 7. He then filed the amended complaint
2 on February 1, 2012.

3 On February 21, 2012, defendant U.S. Bank National Association filed this motion to dismiss
4 plaintiff's first amended complaint. The next day co-defendants Barrett Daffin Frappier Treder &
5 Weiss, LLP and Grace Everitt moved to join the motion.[2]

## DISCUSSION

Defendant argues that plaintiff has no standing to bring these claims because all of his legal and equitable interests in the Property have been placed in a bankruptcy estate. Defs.' Mot. at 5. The Court agrees. When a bankruptcy petition is filed, an estate is created that consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Once an individual declares bankruptcy, any legal or equitable interests he or she had in a particular property belong to the bankruptcy estate, as represented by the bankruptcy trustee. Absent abandonment of an asset, the trustee remains the sole representative of the estate." *Vertkin v. Wells Fargo Home Mortgage*, No. C 10-00775, 2010 WL 3619798, *2 (N.D. Cal. 2010) (Seeborg, J.). Plaintiff reopened his bankruptcy petition on January 31, 2012, listing the claims at issue here as an asset therein. He then filed the FAC, asserting those claims, on February 1, 2012. The right to bring this action is vested in the bankruptcy estate. Plaintiff can only bring his claim if the bankruptcy trustee has abandoned it.

A bankruptcy estate can abandon the property of an estate in three ways. 15 U.S.C. § 554. First, after a noticed motion and hearing, the trustee can formally abandon property "that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 15 U.S.C. § 554(a). Second, the court may order the trustee to abandon the burdensome or valueless property after a noticed motion and hearing. § 554(b). Third, the trustee can abandon certain property at the closing of the bankruptcy case. § 554(c).

Plaintiff informs the Court that "[t]here has been much communication between the bankruptcy

---

[2] Defendants Barrett Daffin Frappier Treder & Weiss, LLP and Grace Everitt move to join defendant U.S. Bank's motion to dismiss. Plaintiff has not made any individual allegations against these defendants. Defendant U.S. Bank's motion to dismiss presents issues common to all defendants. The motion to join is GRANTED.

3

trustee and Plaintiff's counsel in full disclosure of the complaint and the details of the claims. Plaintiff has recently been informed by Timothy Hoffman, the Chapter 7 bankruptcy trustee for the Plaintiff's re-opened bankruptcy, that he intends to abandon all claims and instructed our office to file a response." Plf's. Opp. at 3. Plaintiff states that his office will provide supplemental information to the Court as soon as the claims are abandoned. *Id.*

As of this date, the bankruptcy trustee has not abandoned plaintiff's claims, nor has he entered into a written stipulation, approved by the bankruptcy court, allowing plaintiff to proceed with his claims. Plaintiff does not have standing to pursue his claims at this time. *See Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006). Given that plaintiff has indicated that the bankruptcy trustee is in the process of abandoning these claims, the Court STAYS this action. **Plaintiff is ordered to notify the Court immediately if/when his bankruptcy estate abandons the claims, at which time the Court will reset a hearing on this motion. Similarly, plaintiff is ordered to notify the Court if the bankruptcy trustee declines to abandon the claims. If the bankruptcy estate has taken no action by April 27, 2012, plaintiff is ordered to notify the Court of the status of the claims within the bankruptcy estate.**

**IT IS SO ORDERED.**

Dated: March 29, 2012

SUSAN ILLSTON
United States District Judge