1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC ANTHONY BENCIVENGA,

        Plaintiff,

  v.

US BANK, NATIONAL ASSOCIATION, as
Trustee of GSAA HOME EQUITY TRUST,
Series 2005-11, BARRETT DAFFIN FRAPPIER
TREDER & WEISS LLP, GRACE EVERITT,
DOES 1-10

        Defendant.

No. C 11-04128 SI

**ORDER DISMISSING CASE FOR
FAILURE TO PROSECUTE**

       Plaintiff Bencivenga filed a Chapter 7 bankruptcy petition which was discharged prior to the date he filed this action. That petition did not list the claim represented by this action. The bankruptcy case was re-opened on January 10, 2012 to allow plaintiff to file an amended schedule listing this claim, which he did on January 31, 2012. *See In re: Marc Anthony Bencivenga*, Bankruptcy Pet. 11-10829, Dkts. 18-20. On March 29, 2012, the Court stayed this action pending the bankruptcy trustee's abandonment of plaintiff's claim. *See* Dkt. 47. On April 9, 2012, the bankruptcy case was closed. On April 16, 2012, plaintiff filed a "Notice of Closing of Bankruptcy Case, and Request for Hearing Rescheduling." Dkt. 48. Plaintiff argued that the closing of the bankruptcy case is "a conclusive showing that the trustee for said bankruptcy, Timothy W. Hoffman, has abandoned plaintiff's claim." *Id.*

       On April 26, 2012, the Court issued an Order stating that the closing of the bankruptcy case, without more, was not proof that the trustee had abandoned the claim. The Court directed plaintiff to

1  file a statement from the trustee stating that the trustee had abandoned the claim, or otherwise provide

2  evidence that the claim had been abandoned.  Dkt. 51.  As of July 5, 2012, plaintiff had not filed such

3  a statement or made contact with the Court in any other way.  The Court therefore issued an order

4  setting a July 20, 2012 deadline for him to file a statement; the Court stated that failure to so file by that

5  deadline would result in dismissal of this action.

6      Plaintiff has not filed a statement nor contacted the Court regarding his case.  The Court

7  therefore DISMISSES plaintiff's complaint without prejudice for failure to prosecute pursuant to Fed.

8  R. Civ. P. 41(b).

9

10     **IT IS SO ORDERED.**

11

12  Dated: July 27, 2012

13                                                           SUSAN ILLSTON
                                                            United States District Judge

United States District Court
For the Northern District of California